IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher Bernard Jones, #294172, | ) Civil Action No. 6:06-2202-PMD-JRM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| Perry S. Luthi, Sr.; et. al., | ) **REPORT AND RECOMMENDATION** |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff is a pro se prisoner. The allegations in his complaint concern real estate transactions in which he was involved in Greenville county in 2004 prior to his incarceration. Plaintiff filed a "Motion for Class Action Certification" on November 14, 2006. The motion should be denied for two reasons.

First, plaintiff, as he has routinely done in this litigation, has not served a copy of the motion on defendants as required by Fed. R. Civ. P. 5. See Order filed November 16, 2006, providing plaintiff with an explanation of service requirements. Due process dictates that a party serve copies of pleadings on other parties.

Second, a pro se party lacks standing to assert claims on behalf of others. Laird v. Tatum, 408 U.S. 1 (1972); see also Valley Force Christian Coll. v. Americans United for Separation of Church & State, 454 U.S. 464, 482 (1982) and Flast v. Cohen, 392 U.S. 83, 99 (1968) (a district court, when determining whether a plaintiff has standing to sue, must focus on the status of the party who has filed the complaint, such that merits of the case are irrelevant). The Courts in this Circuit do not certify a class where a pro se litigant will act as representative of that class. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975). It is plain error for a pro se inmate to represent others in a class action. Id. Accord Fowler v. Lee, 18 Fed. App. 164, 2001 WL 1033312 (4th Cir.)

(unpublished) and <u>Lescs v. Martinsburg Police Dep't</u>, 138 Fed. App. 562, 2005 WL 160771 (4th Cir.)

(unpublished).

It is, therefore, recommended that plaintiff's motion to certify a class action be denied.

Respectfully submitted,

s/Joseph R. McCrorey
United States Magistrate Judge

February 7, 2008
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).