IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher Bernard Jones, #294172, ) | Civil Action No. 6:06-2202-PMD-JRM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Perry S. Luthi, Sr.; et. al., ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff is a pro se prisoner. The allegations in his complaint concern real estate transactions in which he was involved in Greenville county in 2004 prior to his incarceration. Plaintiff filed separate motions for summary judgment against Carol Simpson (Doc. No. 67), Ira Handy and Handy Moisture and Pest Control (Doc. No. 68), and Sonny Minan, Ronald Platt and Marsh Platt (Doc. No. 69) on February 14, 2007. These motions should be denied for these reasons.

First, Jones has not shown that he has served a copy of his motions on defendants. A certificate of service lists defendants and their addresses with a notation that they were served "by and through U.S. Clerk." Jones has previously been admonished that it is not the responsibility of the Clerk of Court to served defendants with copies of his pleadings. Rule 5(b), Fed. R. Civ. P., provides means for proper service. Due process requires that a party serve other parties with copies of pleadings by a means contemplated by Rule 5. Jones has not done so, and defendants have been denied the opportunity to respond to his motions for summary judgment.[1]

---

[1] By order filed September 6, 2006, Jones was advised, "After the appearance in this action by counsel for Defendants, Plaintiff shall serve a copy of any subsequent pleading, motion or other paper filed by Plaintiff in this Court upon counsel for Defendants. See Fed. R. Civ. P. 5. Any subsequent document(s) filed in this Court shall have a signed Certificate of Service attached, which states who was served, what document was served, and how the document was served." This order
(continued...)

Second, Jones' motions for summary judgment do not comply with Fed. R. Civ. P. 56. As stated by the Fourth Circuit:

> Summary judgment is not solely a defensive mechanism: Rule 56 expressly contemplates the availability of summary judgment to a claimant. See Fed.R.Civ.P. 56(a). That a movant bears the ultimate burden of proof or persuasion...is no obstacle to a summary judgment award in favor of that party, so long as the requirements of Rule 56 are otherwise satisfied. Cf. Meyer v. Worsley Cos., Inc., 881 F.Supp. 1014, 1021 (E.D.N.C.1994) (awarding summary judgment to defendant who, under relevant statutory scheme, bore ultimate burden of proof, when defendant made requisite Rule 56 showing and plaintiff failed to respond with demonstration of existence of genuine dispute of material fact). Regardless of whether he may ultimately be responsible for proof and persuasion, the party seeking summary judgment bears an initial burden of demonstrating the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has met that burden, the non-moving party must come forward and demonstrate that such an issue does, in fact, exist. See Matsushita Elec. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 521-22 (4th Cir. 2003). The motions contain some general factual assertions but do not specifically identify claims asserted against specific parties, do not discuss the elements of those claims, and which purported facts support those claims. Thus, Jones' motions fail to show the absence of material facts supporting his claims. Blankenship v. Warren Co. Sheriff's Dep't, 939 F. Supp. 451, 456 (W.D.Va. 1996) ("The moving party bears the burden of persuasion that no genuine issue of material fact exists.").

---

[1](...continued)
has not been modified, and Jones is required to file his pleadings and serve defendants with copies and provide the court with a certificate of service. See Fed. R. Civ. P. 5(b)(2) and Local Rule 5.05 (D.S.C.)

It is, therefore, recommended that plaintiff's motions for summary judgment (Doc. Nos. 67, 68 and 69) be denied.

                                              Respectfully submitted,

                                              s/Joseph R. McCrorey
                                              United States Magistrate Judge

February 11, 2008
Columbia, South Carolina

        **The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).