IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Christopher Bernard Jones, #294172, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.:6:06-2202-PMD-JRM |
| | ) | |
| Perry S. Luthi, Sr.; Desmine Sartain; | ) | |
| Luthi Mortgage Company, Inc.; Carolina | ) | **ORDER** |
| Tax Service; Luthi Construction Company; | ) | |
| Liberty Funding; General Funding; Perry | ) | |
| S. Luthi, Jr.; Martha Pace; Lori Murphy; | ) | |
| Carol A. Simpson; Ira Handy; Handy's | ) | |
| Moisture and Pest; Pete Peterson; Ron | ) | |
| Platt; Marsha Platt; Sonny Ninan; Michael | ) | |
| Doe; Dee Dee Doe; and Kim Doe, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court upon several recommendations of United States Magistrate Judge Joseph R. McCrorey, filed in three separate Reports and Recommendations ("R&R"). Magistrate Judge McCrorey first recommended that Plaintiff Christopher Bernard Jones's ("Plaintiff" or "Jones") Motion to Certify a Class be denied. (*See* Doc. No. [125].) Magistrate Judge McCrorey also recommended that Plaintiff's Motions for Summary Judgment with respect to Defendants Carol Simpson, Ira Handy, Handy's Moisture and Pest Control, Sonny Ninan, Ronald Platt, and Marsha Platt be denied. (*See* Doc. No. [127].) In his last R&R, issued on February 15, 2008, Magistrate Judge McCrorey recommended that:

> 1. Plaintiff's motion for partial summary judgment (Doc. No. 70) as to his claim under the Truth in Lending Act be denied;
> 2. Plaintiffs' motions for default judgment and motion for writ of mandamus be denied. (Doc. Nos. 35, 56 and 92);
> 3. Plaintiff's motion for entry of judgment be denied (Doc. No. 82);
> 4. The motion for summary judgment of the defendants Perry S. Luthi, Sr., Desmine Sartain a/k/a Dee Dee Sartain, Luthi Mortgage Co., Inc., Carolina Tax

> Service, Luthi Construction Co., Liberty Funding, General Funding, Perry S. Luthi, Jr., Martha Pace, Lori Murphy, Pete Peterson, Michael Hurlburt, and Kimberly Ray (Doc. No. 71) be granted;
> 5. Summary judgment be granted sua sponte as to all claims against Carol A. Simpson for the reasons discussed herein; and
> 6. Summary judgment be granted sua sponte as to all claims against Ira Handy, Handy's Moisture and Pest Control, Ron Platt, Marsha Platt, and Sonny Ninan for the reasons discussed above.

(R&R dated Feb. 15, 2008 at 15.)[1] As noted, the Record contains three Reports and Recommendations ("R&R") of a United States Magistrate Judge which were made in accordance with 28 U.S.C. § 636(b)(1)(B). A dissatisfied party may object, in writing, to an R&R within ten days after being served with a copy of that report. 28 U.S.C. § 636(b)(1). On or about February 22, 2008, Plaintiff filed objections to the Magistrate Judge's recommendation that Plaintiff's Motions for Summary Judgment with respect to Defendants Carol Simpson, Ira Handy, Handy's Moisture and Pest Control, Sonny Ninan, Ronald Platt, and Marsha Platt be denied. (*See* Doc. No. [135].) Then, on March 6, 2008, Plaintiff filed a Motion to Consolidate his objections, such that he would be able to respond to all R&Rs in one document. The court granted this motion and extended the time Plaintiff had to file objections to all three R&Rs. The court's order indicated that Plaintiff had up to and including March 22, 2008, in which to file any objections and that no further extensions would be granted. (*See* Doc. No. [141].)[2] While Plaintiff has failed to file additional timely objections, the court will consider the objections filed on February 22, 2008.

---

[1] In this R&R, the Magistrate Judge noted that Defendants Michael Doe, Dee Dee Doe, and Kim Doe appear to be Michael Hurlburt, Desmine Sartain, and Kathy Ray.

[2] Because March 22, 2008, was a Saturday, Plaintiff had through Monday, March 24, 2008, in which to timely file his objections. *See* Fed. R. Civ. P. 6(a)(3).

## BACKGROUND

Plaintiff filed the instant suit on August 2, 2006, and although he is an inmate at the Tyger River Correctional Institution, the case *sub judice* does not appear to be related to his confinement. Rather, the allegations of Plaintiff's Complaint concern real estate transactions in which he was involved in Greenville County in 2004, prior to his incarceration. Before being incarcerated, Plaintiff was a residential building contractor in Greenville County, and he purchased three vacant lots in the River Run subdivision in Greenville County from Liberty Funding, Inc., in 2004. The Defendants in this case were involved in the financing, construction, and litigation surrounding the purchase of these three lots and construction of dwellings on two of them.

When Plaintiff purchased these three lots in the River Run subdivision, his stated purpose was to build houses on the lots for resale. Plaintiff borrowed the purchase money for the lots from Luthi Mortgage Company, and Plaintiff also borrowed money to pay the cost of construction. Each loan was secured by a mortgage. Plaintiff purchased River Run lot number 19 on February 26, 2004, and the total amount of the loan was $82,099.20, of which $49,080.00 was available for draws as construction progressed. All of these draws were advanced to Plaintiff by April 4, 2004. On June 29, 2004, Luthi Mortgage Company filed a Lis Pendens and a Summons and Complaint seeking to foreclose for violating the terms of the note and mortgage. The Master in Equity for Greenville County granted judgment against Jones, and the property was sold to Luthi Mortgage Company at auction.

Plaintiff purchased River Run lot number 5 on March 11, 2004. The total loan was $80,462.55, of which $51,960.00 was available for draws as construction progressed. None of the construction money was advanced since work never began on the planned house, and Jones signed

3

a deed to Luthi Mortgage Company in lieu of foreclosure on May 10, 2005.

Plaintiff purchased River Run lot number 10 on April 26, 2004. The total loan was $80,462.55, of which $51,960.00 was available for draws as construction progressed. Of those construction funds, $24,061.60 was drawn, with the final draw occurring on November 4, 2004. Further draws were denied for lack of progress on the house and because mechanic liens revealed the money previously advanced had not been used to pay subcontractors and vendors as required. Luthi Mortgage Company filed a Lis Pendens and a Summons and Complaint seeking to foreclose on the property on December 16, 2004. The Master in Equity for Greenville County granted judgment against Plaintiff, and the property was sold to Luthi Mortgage Company at auction on June 30, 2005.

As the Magistrate Judge noted in his R&R of February 15, 2008, the Complaint is jumbled, and it is difficult to ascertain Plaintiff's claims and to determine against which defendant or defendants the claims are alleged. (*See* Compl.; *see also* R&R dated Feb. 15, 2008, at 3.) In the "Jurisdiction" section of his Complaint, Plaintiff lists several federal statutes: 42 U.S.C. § 1983; the Racketeer Influenced and Corrupt Organization ("RICO") Act; Truth in Lending Act; Federal Trade Commission Act; Clayton Act; Sherman Antitrust Act; the mail fraud statute; the wire fraud statute; and the Real Estate Settlement Procedures Act ("RESPA"). (*See* Compl.) There is a section of the Complaint entitled "Complaint on Promissory Note," wherein Plaintiff demands judgment against the Defendants in the amount of $560,000, plus interest and costs, asserting the defendants owe him the amount of all three notes as well as any improvements on the three lots. (Compl. at 9.) Another section of the Complaint is entitled "Petition for Declaratory Judgment," and that section "demands a declaratory judgment against defendants for the sum of $560,000.00 plus interest and costs." (*Id*.

4

at 10.)  The Complaint also lists the following causes of action: (1) fraud; (2) civil conspiracy; (3) misrepresentation; (4) extortion; (5) deceit; and (6) violation of fiduciary duty.  (*See* Compl.)

Many motions are currently pending in this case.  On November 14, 2006, Plaintiff filed a Motion to Certify Class, and a Response in Opposition was filed on December 14, 2006.  (*See* Doc. Nos. [33] and [49].)  Also on November 14, 2006, Plaintiff filed a Motion for Default Judgment as to Ira Handy, Handy's Moisture and Pest Control, and Sonny Ninan.  (*See* Doc. No. [35].)  Plaintiff then filed a Motion for Default Judgment as to Ira Handy, Handy's Moisture and Pest Control, Sonny Ninan, Ronald Platt, and Marsha Platt on December 20, 2006.  (*See* Doc. No. [56].)  Plaintiff has filed several Motions for Summary Judgment.  On February 14, 2007, he filed a Motion for Summary Judgment as to Carol Simpson; a separate Motion for Summary Judgment as to Ira Handy and Handy's Moisture and Pest Control; and yet another Motion for Summary Judgment as to Sonny Ninan, Ronald Platt, and Marsha Platt.  (*See* Doc. Nos. [67], [68], and [69].)  On February 22, 2007, Plaintiff filed a Motion for Partial Summary Judgment with respect to all defendants represented by Melvin Hutson, meaning Perry S. Luthi, Sr., Desmine Sartain, Luthi Mortgage Company, Carolina Tax Service, Luthi Construction Company, Liberty Funding, General Funding, Perry S. Luthi, Jr., Martha Pace, Lori Murphy, Pete Peterson, Michael Doe, Dee Dee Doe, and Kim Doe.  (*See* Doc. No. [70].)

Defendants Perry Luthi, Sr., Desmine Sartain a/k/a Dee Dee Sartain, Luthi Mortgage Company, Carolina Tax Service, Luthi Construction Company, Liberty Funding, General Funding, Perry S. Luthi, Jr., Martha Pace, Lori Murphy, Pete Peterson, Michael Hulbert, and Kimberly Ray

5

filed a Motion for Summary Judgment on February 26, 2007. (*See* Doc. No. [71].)[3] Plaintiff filed a Response in Opposition to this motion on March 8, 2007. (*See* Doc. No. [75].) Two other motions remain pending: (1) Plaintiff's Motion for Judgment as a Matter of Law as to Sonny Ninan, Marsha Platt, Ronald Platt, Ira Handy, and Carol Simpson; and (2) Plaintiff's Motion for Writ of Mandamus. (*See* Doc. Nos. [82] and [92].)

Magistrate Judge McCrorey filed his first of three Reports and Recommendations on February 7, 2008, in which he recommended that Plaintiff's Motion to Certify Class be denied. (*See* Doc. No. [125].) Magistrate Judge McCrorey recommended denying this motion for two reasons: (1) because Plaintiff failed to serve a copy of the motion on Defendants as required by Rule 5 of the Federal Rules of Civil Procedure and (2) because a pro se party lacks standing to assert claims on behalf of others. (*See* R&R dated February 7, 2008, at 1.) The R&R dated February 11, 2008, recommended that Plaintiff's Motions for Summary Judgment with respect to Defendants Carol Simpson, Ira Handy, Handy's Moisture and Pest Control, Sonny Ninan, Ronald Platt, and Marsha Platt be denied. (*See* Doc. No. [127].) The Magistrate Judge recommended these motions be denied for two reasons. First, Plaintiff did not show that he served a copy of his motions on the Defendants. (*See* R&R dated Feb. 7, 2008, at 1.) Second, "Jones' motions for summary judgment do not comply with" Rule 56 of the Federal Rules of Civil Procedure. (*Id.* at 2.) Magistrate Judge McCrorey stated, "The motions contain some general factual assertions but do not specifically identify claims asserted against specific parties, do not discuss the elements of those claims, and which purported facts support those claims. Thus, Jones' motions fail to show the absence of material facts

---

[3]While the court notes that not all Defendants joined in this Motion for Summary Judgment, the court refers to this motion as "Defendants' Motion for Summary Judgment."

supporting his claims [sic]." (*Id*.)

In his R&R dated February 15, 2008, Magistrate Judge McCrorey made several recommendations which, if followed, would ultimately dispose of the case. Magistrate Judge McCrorey recommended that Plaintiff's Motion for Partial Summary judgment with respect to his claims pursuant to the Truth in Lending Act be denied and Defendants' Motion for Summary Judgment on this claim be granted because this Act "does not cover the three loan transactions about which Jones complains." (R&R dated Feb. 15, 2008, at 4.) To the extent that Plaintiff asserts causes of action for violation of the mail fraud statute (18 U.S.C. § 1341), the wire fraud statute (18 U.S.C. § 1343), and the Federal Trade Commission Act, Magistrate Judge McCrorey recommended that the Defendants' Motion for Summary Judgment be granted because these statutes do not provide a private cause of action to individuals. (*Id*. at 4-5.) With respect to his asserted cause of action pursuant to § 1983, the Magistrate Judge concluded that Plaintiff could not proceed under that statute because he has not shown that any of the Defendants were state actors. (*Id*. at 5.) While Plaintiff seemingly asserted causes of action for violations of the Sherman Antitrust Act and the Clayton Act, the Magistrate Judge concluded that Plaintiff failed to produce any evidence that he suffered an antitrust injury and thus could not proceed on those claims. (*Id*. at 6.) To the extent Plaintiff asserts claims for violations of RESPA, the Magistrate Judge concluded Plaintiff cannot proceed because Plaintiff "does not allege, and there is no evidence, that these were 'federally related mortgage loans' subject to RESPA." (*Id*. at 7.)

Magistrate Judge McCrorey then addressed Plaintiff's allegations that the Defendants violated RICO. After noting "[t]here is little in the complaint or in the record to define this claim," the Magistrate Judge further noted that Plaintiff did not indicate whether his RICO claim was

7

pursuant to 18 U.S.C. § 1962 (a), (b), (c), or (d). (*Id*. at 8.) The Magistrate Judge interpreted Plaintiff's RICO allegations to be pursuant to § 1962(c) but concluded the cause of action should be dismissed because (1) Jones failed to show interstate nexus, and (2) Jones has not adequately pled a pattern of racketeering activity. (*Id*. at 10.)

Turning to Plaintiff's claims pursuant to the law of South Carolina, Magistrate Judge McCrorey stated, "Three of these alleged causes of action (misrepresentation, extortion and deceit) do not appear to be torts under South Carolina law." (*Id*. at 11.) With respect to the remaining state law claims (for fraud, civil conspiracy, and breach of fiduciary duty), the Magistrate Judge concluded the claims involving lots 19 and 10 are barred by the doctrine of *res judicata*, as Plaintiff "could have raised all the issues he raises in this court as defenses in the foreclosure actions." (*Id*. at 12.) Lot 5 was not foreclosed upon, but "[t]here is no evidence of damage, much less special damage, to Jones with respect to Lot 5." (*Id*.) As civil conspiracy was the only claim Plaintiff specifically alleged with respect to Lot 5, the Magistrate Judge concluded the Defendants are entitled to summary judgment. (*Id*.)[4]

Given that Jones "appears to misunderstand the purpose and function" of a declaratory judgment, in that he seeks money damages, the R&R states that "the court should exercise its discretion and dismiss Jones' claim for a declaratory judgment." (*Id*. at 13.)

Finally, with respect to Plaintiff's Motions for Default Judgment against Ira Hardy, Hardy's Moisture and Pest Control, Sonny Ninan, Ron Platt, and Marsha Platt, the Magistrate Judge recommended denying these motions as well as Plaintiff's Motion for Writ of Mandamus. (*Id*.)

---

[4]In the alternative, the Magistrate Judge recommended that because Plaintiff failed to show the Defendants violated his rights under federal law, Plaintiff's remaining state law claims should be dismissed pursuant to 28 U.S.C. § 1367(c)(3). (R&R dated Feb. 15, 2008, at 13.)

Magistrate Judge McCrorey concluded that Ira Handy, Handy's Moisture and Pest Control, Ron Platt, and Marsha Platt "were properly served and have not appeared in the case." (*Id*.) However, the Magistrate Judge recommended this court exercise its discretion and not impose default judgment against these defendants in light of the fact that he recommended granting the motion for summary judgment of the answering defendants. (*Id*. at 14.)

## STANDARD OF REVIEW

**A.     Magistrate Judge's R&R**

This court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that R&R. 28 U.S.C. § 636(b)(1). After a review of the entire record, the three Reports and Recommendations, and Plaintiff's Objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts all three Reports and Recommendations and fully incorporates them into this Order.

**B.     Summary Judgment**

To grant a motion for summary judgment, the court must find that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The judge is not to weigh the evidence but rather must determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). All evidence should be viewed in the light most favorable to the nonmoving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is

9

appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The "obligation of the nonmoving party 'is particularly strong when the nonmoving party bears the burden of proof.'" *Hughes v. Bedsole*, 48 F.3d 1376, 1381 (4th Cir. 1995) (quoting *Pachaly v. City of Lynchburg*, 897 F.2d 723, 725 (4th Cir. 1990)). Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual basis." *Celotex*, 477 U.S. at 327.

## ANALYSIS

As a preliminary matter, the court notes that Jones has not filed objections with respect to the R&R dated February 7, 2008, or the R&R dated February 15, 2008. This Court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's report to which a specific objection is registered. *See* 28 U.S.C. § 636(b); *see also Thomas v. Arn*, 474 U.S. 140, 147-48 (1985). A review of the record indicates that the Magistrate Judge's reports dated February 7, 2008, and February 15, 208, accurately summarize this case and the applicable law.

Plaintiff's objections concern the R&R dated February 11, 2008. This R&R recommends that the court deny Plaintiff's Motions for Summary Judgment with respect to Defendants Carol Simpson, Ira Handy, Handy's Moisture and Pest Control, Sonny Ninan, Ronald Platt, and Marsha Platt. Plaintiff asserts that the court should not deny his Motions for Summary Judgment because none of these Defendants filed a Response in Opposition to the motions. (Objections at 1.) Plaintiff

states (verbatim),

> The defendants have not responded to the motions, nor have defendants Ninan, Ron and Marsha Platt, Ira Handy, Handy's Moisture and Pest Control, appeared to defend their culpability in this action in any meaningful way. These defendants have not served their answers to the Plaintiff's Complaint upon the plaintiff as required by the Federal Rules of Civil Procedure.

(*Id.*) Plaintiff also seeks to enter "thorough objections to the U.S. Magistrate's bias and impartial [sic] position on behalf of these defendants." (*Id.* at 2.) According to Plaintiff, the Magistrate Judge "appears to be arguing what could be construed as . . . affirmative defenses for the defendants." (*Id.*) Plaintiff also states, "It has now been well over 370 days since plaintiff filed his motions for summary judgment against these specific defendants, with no response from the defendants. Therefore, any Report and Recommendation at this late date is most inappropriate." (*Id.*)

As a preliminary matter, it is true that Plaintiff's motions at issue in the R&R dated February 11, 2008, were filed more than a year ago. While Plaintiff seems to suggest that the court simply declined to address his motions for an extended period of time, this is not the case. After these motions had been filed, but before the court could rule on them, Plaintiff filed a Notice of Interlocutory Appeal. After the United States Court of Appeals for the Fourth Circuit entered its judgment, the Report and Recommendation was filed shortly thereafter. Plaintiff's assertion that a Report and Recommendation is inappropriate at this time is thus without merit. *Cf. Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance–it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). While a stay was not ordered in this case, it was not erroneous for the court to refrain from taking action while the appeal was pending. *See Hill v. PeopleSoft USA, Inc.*, 341 F. Supp. 2d 559, 561 (D. Md. 2004)

("Although this Court will not issue a stay of all proceedings, it is mindful of the undesirable consequences of a ruling on the merits prior to a decision regarding arbitration by the higher court.")

Furthermore, to the extent Plaintiff is objecting to the Report and Recommendation due to the Magistrate Judge's alleged bias, that objection is wholly without merit. Plaintiff offers no evidence or allegation that the Magistrate Judge is biased against him other than the fact that the Magistrate Judge recommended denying Plaintiff's Motions for Summary Judgment. The fact that the Magistrate Judge recommended ruling against Plaintiff, however, is no indication of bias. *See Dunlap Corp. v. Deering Milliken, Inc.*, 400 F. Supp. 497, 514 (D.S.C. 1975) (stating, in the context of a recusal motion, that bias and prejudice of a trial judge "must be based on something other than rulings in the particular case or the words the judge uses in setting forth his rulings"); *see also Consolidation Coal Co. v. Williams*, 453 F.3d 609, 620 (4th Cir. 2006) (the Board properly affirmed the Administrative Law Judge's decision declining to recuse himself because "'judicial rulings alone almost never constitute a valid basis for a bias or partiality ruling'" (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994))). Plaintiff's objection is thus without merit.

Plaintiff's most fundamental objection is that the Magistrate Judge erred in recommending the denial of his Motions for Summary Judgment when the Defendants at issue in these motions have not filed any sort of response to them. Plaintiff also seems to object to this recommendation because with the exception of Defendant Carol Simpson, these defendants did not attach a certificate of service to their answers to indicate that they had served them upon Plaintiff.[5]

Plaintiff is correct that no Response in Opposition was filed with respect to these Motions

---

[5]The court notes that it appears Defendant Sonny Ninan has never even been served with a copy of the Complaint.

12

for Summary Judgment. However, as Magistrate Judge McCrorey noted in his Report and Recommendation, "Jones has not shown that he has served a copy of his motions on defendants." (R&R dated Feb. 11, 2008 at 1.) A review of the motions reveals that the Certificate of Service attached to these motions indicates the defendants were served "by and through the U.S. Clerk." (*See* Doc. No. [67-2].) Rule 5 of the Federal Rules of Civil Procedure states, "Unless these rules provide otherwise, each of the following papers must be served on every party: . . . a written motion, except one that may be heard ex parte . . ." Fed. R. Civ. P. 5(a)(1). If a party is represented by an attorney, service pursuant to Rule 5 "must be made on the attorney unless the court orders service on the party." Fed. R. Civ. P. 5(b)(1). Rule 5 also provides that "[i]f a local rule so authorizes, a party may use the court's transmission facilities to make service under Rule 5(b)(2)(E)," which states that a paper can be served by "sending it by electronic means if the person consented in writing." *See* Fed. R. Civ. P. 5. The District of South Carolina has a local rule concerning service of documents by electronic means, and the rule states,

> Filed documents may be served by electronic means, including through the Court's transmission facilities, or as otherwise provided and authorized by the Court's Electronic Case Filing Policies and Procedures Manual and the Attorney User Manual. Transmission of the Notice of Electronic Filing constitutes service of the filed document upon each attorney in the case who is registered as Filing User in accordance with procedures established by the Court. Any other attorney, party, or parties shall be served according to these Local Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Criminal Procedure.

Local Rule 5.05, D.S.C.

Plaintiff has, as the Magistrate Judge noted, failed to comply with Rule 5; he is not able to serve his Motions for Summary Judgment "by and through the U.S. Clerk." In *Vanegrift v. Taylor*, 998 F.2d 1011 (4th Cir. 1993) (unpublished table decision), the plaintiffs appealed an order of the district court granting the defendants' motion to dismiss, which the court construed as a motion for

13

summary judgment. *Vanegrift*, 998 F.2d 1011, at *1. The Fourth Circuit affirmed the district court's order, even though the defendants failed to serve each plaintiff with a copy of their motion. *Id*. The court noted that while "it is true that every written motion, except those which may be heard *ex parte*, must be served on each party," Rule 61 of the Federal Rules of Civil Procedure states that "'[n]o error . . . in anything done or omitted . . . by any of the parties is ground for . . . vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice.'" *Id*. at *3 (quoting Fed. R. Civ. P. 61). Because summary judgment was proper against the plaintiffs who had been served, and because every plaintiff asserted the same claims, the court affirmed the district court's grant of summary judgment to the defendants. *Id*. The court stated, "Because those claims are without merit, and because summary judgment was properly entered thereon, we find the unserved [p]laintiffs have failed to demonstrate that their substantial rights were adversely affected by Defendants' violation of Rule 5(a)." *Id*. (citing *Keller v. Prince George's County*, 827 F.2d 952, 954-55 (4th Cir. 1987) and *Pregeant v. Pan Am. World Airways, Inc.*, 762 F.2d 1245, 1428 (5th Cir. 1985)).

In the case *sub judice*, the Magistrate Judge recommended Plaintiff's Motions for Summary Judgment be denied in part because of Plaintiff's failure to comply with Rule 5, and this court agrees with that recommendation. This case is different from *Vanegrift* in that the court is denying Plaintiff's Motions for Summary Judgment in part because of failure to comply with Rule 5, while *Vanegrift* affirmed the grant of summary judgment despite failure to comply with Rule 5. However, the court in *Vanegrift* found summary judgment in favor of the defendants was appropriate as to all plaintiffs because all plaintiffs raised identical claims, and the claims were without merit. *Id*. In Jones's case, the court declines to grant Plaintiff's Motions for Summary Judgment, in light of the

fact that he did not properly serve the motions, and the court has determined Defendants' Motion for Summary Judgment should be granted. Furthermore, the Magistrate Judge's R&R did not rest entirely on Plaintiff's failure to comply with Rule 5; the Magistrate Judge also recommended denying Plaintiff's Motions for Summary Judgment on the grounds that he failed to comply with Rule 56 of the Federal Rules of Civil Procedure in that he failed to show the absence of a genuine issue of material fact. (*See* R&R dated Feb. 11, 2008 at 2.)

Plaintiff then cites 28 U.S.C. § 1915, seemingly arguing that the court cannot dismiss his complaint pursuant to § 1915(e)(2)(B). Section 1915(e)(2) states, in part, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). The court is unsure why Plaintiff references § 1915, as the court is not dismissing Plaintiff's claim for failure to state a claim. Section 1915 thus has no bearing on this order.

Lastly, Plaintiff states that the Magistrate Judge "seems to be holding the [P]laintiff, a pro se prisoner, to a more stringent standard[] than what is required under Estelle v. Gamble, 429 U.S. 97 (1976), and Hughes v. Rowe, 449 U.S. 5, 9 (1980) (per curiam)." (Objections at 3.) Plaintiff states, "The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so." (Objections at 4.) He further states (verbatim), "Summary judgment should not be granted if the moving party appears beyond doubt that plaintiff can prove no set of facts in support of his claims which entitles him to relief." (*Id.*)

Reading this last objection, it appears Plaintiff is confusing the standard for a Motion for

Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure with the standard for a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Procedure. As the Supreme Court recently stated in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007),

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Twombly*, 127 S. Ct. at 1964-65 (citations omitted).[6] Summary judgment, however, is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "[T]he party seeking summary judgment bears an initial burden of demonstrating the absence of a genuine issue of material fact." *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 521-22 (4th Cir. 2003) (citing *Celotex*, 477 U.S. at 323).

Having reviewed all three Reports and Recommendations, the court concludes that the Magistrate Judge afforded Plaintiff the liberal construction he was due as a pro se plaintiff. *See Harris v. Currie*, No. 0:05-3154-RBH, 2007 WL 1068244, at *1 (D.S.C. April 3, 2007) ("[W]hile the Federal Court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none

---

[6]Prior to *Twombly*, *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), set the standard that a court should grant a motion to dismiss pursuant to Rule 12(b)(6) where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

exists." (internal citations omitted)). The court thus finds Plaintiff's objection to be without merit.

## CONCLUSION

It is therefore **ORDERED**, for the foregoing reasons, that Plaintiff's Motions for Summary Judgment (Doc. Numbers 67, 68, and 69) are **DENIED**. It is further ordered that Plaintiff's Motion for Class Certification is **DENIED**. It is **ORDERED** that Plaintiff's Motion for Partial Summary Judgment (Doc. Number 70) as to his claim under the Truth in Lending Act is **DENIED**. It is **ORDERED** that Plaintiff's Motions for Default Judgment and for Writ of Mandamus (Doc. Numbers 35, 56, and 92) are **DENIED**. It is **ORDERED** that Plaintiff's Motion for Entry of Judgment (Doc. Number 82) is **DENIED**. It is further **ORDERED** that the Motion for Summary Judgment filed by Defendants Perry S. Luthi, Sr., Desmine Sartain a/k/a Dee Dee Sartain, Luthi Mortgage Company, Inc., Carolina Tax Service, Luthi Construction Company, Liberty Funding, General Funding, Perry S. Luthi, Jr., Martha Pace, Lori Murphy, Pete Peterson, Michael Hulburt, and Kimberly Ray (Doc. Number 71) is **GRANTED**. It is **ORDERED** that summary judgment is **GRANTED** sua sponte in favor of Defendant Carol A. Simpson as to all claims. It is further **ORDERED** that summary judgment is **GRANTED** sua sponte in favor of Defendants Ira Handy, Handy's Moisture and Pest Control, Ron Platt, Marsha Platt, and Sonny Ninan.

**AND IT IS SO ORDERED**.

_____
PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**March 26, 2008**